NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 18, 2013
Decided September 20, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

JOHN DANIEL TINDER *Circuit Judge*

No. 13-1432

| | |
|---|---|
| MACNEIL AUTOMOTIVE PRODUCTS LIMITED,<br>　　*Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 08 C 139 |
| CANNON AUTOMOTIVE LIMITED, *et al.*,<br>　　*Defendants-Appellants*. | Joan B. Gottschall, *Judge*. |

**O R D E R**

The plaintiff sued the defendants, affiliated U.K. companies that we'll call Cannon, under the alienage branch of diversity jurisdiction, in 2008, charging breach of contract and related wrongs. The primary defendant is Cannon Automotive Limited, the company with which MacNeil had its contract; but the plaintiffs contend that the two Cannon affiliates that are the other defendants will, if MacNeil obtains a judgment

that Cannon Automotive can't pay, be liable under veil-piercing or related doctrines of derivative liability of affiliates of a primary defendant.

Recently the defendants brought suit against MacNeil in a U.K. court, seeking a declaration that the affiliates will not be liable for any judgment that MacNeil may obtain against Cannon Automotive in the present suit. The district court issued a preliminary injunction against proceedings in the U.K. suit, and the three Cannon companies have appealed.

At argument we suggested to counsel that proceedings, whether in the U.K. or in the federal district court in Chicago, concerned with the potential liability of the affiliates, were premature. If MacNeil obtains no judgment, the liability of the affiliates will be moot. So too if MacNeil obtains a judgment that Cannon Automotive can pay. If MacNeil obtains a judgment and Cannon Automotive cannot pay it, MacNeil will doubtless commence collection proceedings of some sort against the affiliates. To commence those proceedings, whether in the U.K. or in the United States, before the district court renders a judgment on the merits would therefore be premature, and should be postponed until such a judgment is rendered.

Counsel for both parties agreed with our suggestion. We therefore affirm the district court, emphasizing however that the injunction it issued is merely preliminary, and will have to be reexamined when and if the case moves into the collection stage. But in accordance with the parties' agreement, we direct the district judge to postpone proceedings in its court against the Cannon affiliates until final judgment is rendered on the claims against Cannon Automotive. Whether discovery relating to collection should be allowed before then we leave to the discretion of the district court. We also urge the court to expedite the litigation, which has made little progress in the five years since it was commenced.

AFFIRMED.